**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNEST PIZIO,<br><br>Plaintiff,<br><br>v.<br><br>HTMT GLOBAL SOLUTIONS, FORMERLY SOURCE 1 HTMT, INC. AND M.S. VARADAN,<br><br>Defendants. | Civil Action No.: 09-1136 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Presently before this Court is Defendants' motion to dismiss the Complaint which alleges that the Plaintiff Ernest Pizio was discriminated against by his former employer, HTMT Global Solutions, Inc., and its President, M.S. Varadan, (collectively "Defendants"). Defendants' motion, filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, attacks both counts of the Complaint. The Complaint asserts the following causes of action: Count I alleges a violation the Age Discrimination in Employment Act ("ADEA"); Counts II alleges violations of Title VII's provisions relating to prohibitions against both unequal pay and discrimination based upon race. The Court has considered the parties' submissions and decides this matter without oral argument as provided by Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' Motion to Dismiss is denied in part and granted in part.

I. **BACKGROUND**

On March 31, 2007, HTMT terminated Plaintiff. On November 12, 2007, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") intake questionnaire ("questionnaire") with the EEOC alleging discrimination based on age citing his termination and discrepancy in pay between himself and younger employees. The EEOC scheduled a meeting with him for January, 15, 2008, but then cancelled said meeting and rescheduled it for February 7, 2008. On February 7, 2008, Plaintiff filed a Charge of Discrimination ("Charge") with the EEOC against Defendants. On March 11, 2009, Plaintiff initiated the instant action against HTMT and M.S. Varadan under the ADEA and Title VII.

II. **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted, alteration in original). In the present case, Plaintiff's

Complaint relies on and references various documents that Plaintiff filed with the EEOC; these documents are properly considered for purposes of this motion because they are integral to Plaintiff's discrimination claims.

## III.   DISCUSSION

First, Defendants argue that Counts I and II are barred due to the Plaintiff's failure to timely exhaust administrative remedies before filing this action. Second, Defendants seek a dismissal of Plaintiff's claims against Defendant M.S. Varadan, as an individual Defendant, because neither the ADEA, nor Title VII permit a claim against an individual under the factual circumstances of this case.

### A.  Plaintiff's ADEA and Title VII Claims

Defendants argue that Plaintiff's ADEA and Title VII claims, as stated in Counts I and II of the Complaint, are barred because Plaintiff failed to timely exhaust his administrative remedies. Before a plaintiff may bring an action under the ADEA or Title VII, a complainant must file a charge with the EEOC within 180 days of the alleged unlawful employment action. See 42 U.S.C. § 2000e-5 (Title VII); 29 U.S.C. § 626(d) (ADEA). The 180 day deadline is extended to 300 days when the complainant lives in a "deferral state," such as New Jersey and Pennsylvania. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); Cardenas v. Massey, 269 F.3d 251, 255 n.2 (3d Cir. 2001). Therefore, a plaintiff in New Jersey is barred from bringing an action under the ADEA or Title VII for failure to exhaust administrative remedies if they fail to file a charge with the EEOC within the 300-day time period.

Plaintiff's Charge is based on his termination of employment, which occurred on March 31, 2007. (See Compl. ¶ 27). Therefore, any cause of action arising out of the termination

accrued on March 31, 2007 which allowed Plaintiff until January 25, 2008 to file a charge with the EEOC. Plaintiff was scheduled to meet with an EEOC investigator to sign his Charge on January 15, 2008, which is within the 300-day charging period.[1] (See Pizio Aff. ¶¶ 15 – 17). However, the EEOC cancelled the meeting and rescheduled it for February 7, 2008, which is outside the 300-day charging period. (See Pizio Aff. ¶¶ 17 – 18). Plaintiff attests that the meeting was rescheduled due to conflicts at the EEOC and through not fault of his own.[2] Ultimately, Plaintiff executed the formal Charge of Discrimination during the meeting on February 7, 2008 outside the 300-day period. Thus, the issue before this Court is whether the applicable 300-day statute of limitations should be tolled because the EEOC rescheduled Plaintiff's meeting to complete his Charge form to a date beyond the 300-day charging period.

The Third Circuit has identified three situations in which equitable tolling may be appropriate: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotations omitted). The burden is on the plaintiff to demonstrate that he exercised reasonable diligence and that equitable tolling is appropriate. See Byers v. Follmer Trucking Co., 763 F.2d 599, 600-01 (3d Cir. 1985). Additionally, in applying the equitable

---

[1] To the extent that the parties dispute the actual 300-day deadline is of no moment because Plaintiff's original meeting with the EEOC was scheduled within either date.

[2] To the extent that the parties dispute whether Plaintiff or Defendant cancelled the meeting, at this stage of the litigation the Court must construe all facts in favor of the Plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Moreover, such a question of fact is more proper in the context of a motion for summary judgment.

tolling rule, the Third Circuit "has cautioned that 'procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants'" Seitzinger v Reading Hosp. & Medical Ctr., 165 F.3d 236, 240 (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)).  Thus, the Third Circuit "approach[es] the doctrine warily" and has stated that "[t]he law is clear that courts must be sparing in their use of equitable tolling." Id., at 239-40.  However, "equitable tolling is proper . . . when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' " Petroleos Mexicanos Refinacion v. M/T KING A, 554 F.3d 99, 110 (3rd Cir. 2009) (citing Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir.1998).

Under the facts of this case, the Court must determine "whether Plaintiff has in some extraordinary way been prevented from asserting his rights." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotations omitted).  Here, Plaintiff was originally scheduled to meet with an EEOC investigator and execute a formal charge on January 15, 2008 within the 300-day charging period.  However, due to no fault of his own, but rather at the request of the EEOC, Plaintiff was forced to reschedule his meeting which resulted in the execution and filing of his charge on February 7, 2008, and outside of the 300-day charging period. Although Defendants correctly argue that Plaintiff's charge was filed outside the 300-day charging period, the Court finds that the "'principles of equity . . . make [Defendants'] rigid application [of a limitation period] unfair.' " Petroleos Mexicanos Refinacion, 554 F.3d at 110 (citing Miller, 145 F.3d at 618.  But for the EEOC rescheduling Plaintiff's meeting, Plaintiff would have executed and filed his charge within the 300-day charging period. If the Court were to accept Defendants' argument and rigidly apply the 300-day filing requirement, then contrary to the principles of

equity Plaintiff would be prevented from exercising his rights. As such, the Court finds the use of equitable tolling proper under the unique facts of this case. Defendants' motion to dismiss Plaintiff's claims as untimely is DENIED.[3]

### C. Plaintiff's Claims against Defendant Varadan

Plaintiff failed to file opposition to Defendant Varadan's Motion to Dismiss the Plaintiff's Title VII and ADEA claims against him as an individual. Defendants further argue that Plaintiff cannot state a claim for relief under Title VII and the Age Discrimination Employment Act ("ADEA"). Defendants are correct on both counts. Neither Title VII nor the ADEA provide a basis for individual liability. Hill v. Borough of Kutztown, 455 F.3d 225, 246 n. 29 (3d Cir.2006) (noting that plaintiff could not have brought a claim against an individual defendant "because the ADEA does not provide for individual liability"); Dici v. Commonwealth of Pa., 91 F.3d 542, 552 (3d Cir.1996) (granting summary judgment to individual defendants on plaintiff's Title VII claims because "individual employees cannot be held liable under Title VII"); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d Cir.1996) ("[T]he clear majority of the courts of appeals ... have held that individual employees cannot be held liable under Title VII"). As a result, the Court grants Defendants' motion to dismiss Plaintiff's claims against the Defendant Varadan under Title VII and the ADEA.

---

[3] This Court's finding that Plaintiff filed a timely Charge of Discrimination renders Defendants' arguments with respect to the timeliness of Plaintiff's Title VII as it relates to the Plaintiff's intake questionnaire moot.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied in part and granted in part. Defendants' motion is denied with respect to Counts I and II against HTMT. The motion is granted with respect to Counts I and II against M.S. Varadan. An appropriate order accompanies this opinion.

DATED: May 26, 2009                    /s/ Jose L. Linares
                                                              JOSE L. LINARES
                                                              UNITED STATES DISTRICT JUDGE