UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

LETTER OPINION

August 25, 2010

**VIA ELECTRONIC FILING**

All Counsel of Record

    Re:    **Ernest Pizio v. HTMT Global Solutions**
                **Civil Action No. 09-1136 (JLL)**

Dear Counsel:

Pending before the Court is Defendant HTMT Global Solutions, Inc.'s ("Defendant") motion for reconsideration of this Court's Opinion and Order dated May 26, 2010. (D.I. 31). Plaintiff opposes the motion. The Court considers the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion is DENIED.

    **I.**    **BACKGROUND**

As the Court writes only for the parties, a familiarity with the underlying facts in this case will be assumed, and will not be repeated here except where necessary to provide context for the motion.

    **II.**    **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment. Local Civil Rule

7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i).   Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct.18, 2005) (citing Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J. 1986)).   The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.   See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

### III.   ANALYSIS

Here, Defendant moves for reconsideration on the basis that the Court overlooked material facts and misapplied controlling law.   Specifically, Defendant argues that reconsideration is appropriate because Plaintiff provided conflicting averments regarding the proffered reason for failing to file a charge with the EEOC within 300 days of the alleged unlawful act.   This Court's prior opinion denied Defendant's motion to dismiss on the grounds of failure to properly plead exhaustion of administrative procedures while finding that Plaintiff may be entitled to equitable

tolling.[1]  For the following reasons, Defendant's motion is denied.

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."  Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir.1997).  "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [ ] for conciliation or resolution."  Hornsby v. U.S.P.S., 787 F.2d 87, 90 (3rd Cir. 1986).

In this Circuit, failure to exhaust administrative remedies in a Title VII employment discrimination claim is an affirmative defense, however, it does not serve as a jurisdictional bar to a plaintiff's suit.  Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir.2007) (discussing Title VII jurisprudence in interpreting Rehabilitation Act);  Williams v. Runyon, 130 F.3d 568, 573 (3d Cir.1997).  The burden is on the defendant to plead and prove exhaustion under Title VII.  Id. at 573.

Bearing in mind that a complaint that fails to plead exhaustion of administrative procedures is deficient and that the burden of proof regarding exhaustion lies with the defendant, it is nevertheless an abuse of a court's discretion to dismiss a suit with prejudice for failure to plead exhaustion without first granting the plaintiff leave to amend.  See, e.g., Gooding v. Warner-Lambert Co., 744 F.2d 354 (3rd Cir. 1984) (finding abuse of discretion where district court dismissed Title VII for failure to allege exhaustion of administrative procedures without first granting leave to amend complaint).

Here, although Plaintiff's complaint fails to allege exhaustion of administrative

---

[1] Ultimately, the Court found that it could not reach a decision regarding equitable tolling prior to the summary judgment stage of this litigation.

procedures, he has submitted sworn affidavits explaining the reasons that allegedly prevented him from exhausting the relevant procedures.  Therefore, considering the policies underlying Title VII claims, Plaintiff's sworn affidavits, and the fact that Defendant ultimately bears the burden of proof regarding the exhaustion of remedies, Defendant's motion seeking reconsideration is DENIED.[2]

Plaintiff is directed to file an amended complaint alleging facts consistent with his certification regarding his exhaustion of administrative procedures within fifteen (15) days of the entry of this order.[3]  Failure to do so will result in dismissal of this action with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED.   An appropriate order accompanies this letter opinion.

Sincerely,

 /s/ Jose L. Linares
United States District Judge

---

[2] To be clear, it remains to be seen whether or not Plaintiff will ultimately prevail on the issue of the exhaustion of administrative procedures.   This Court's prior opinion simply DENIED Defendant's motion to dismiss on the grounds of failure to properly plead exhaustion of administrative procedures while finding that Plaintiff may be entitled to equitable tolling at the summary judgment stage.

[3] Rule 15(a) of the Federal Rules of Civil Procedure directs that "leave (to amend) shall be freely given when justice so requires." "It is a sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on their merits." Berg v. Richmond Unified School District, 528 F.2d 1208, 1212 (9th Cir.1975), vacated on other grounds, 434 U.S. 158 (1977); Weise v. Syracuse University, 522 F.2d 397, 412 (2d Cir.1975). See also 28 U.S.C. § 1653.